UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-2616

**Caption [use short title]**

**Motion for:** Emergency motion to be relieved as counsel

Siegel

Plaintiff/Appellee

v

**Set forth below precise, complete statement of relief sought:**

Please see attached

Sing Tao Newspapers New York LTD.

Defendant/Appellant

**MOVING PARTY:** Please see attached        **OPPOSING PARTY:** Please see attached

☒ Plaintiff    ☐ Defendant

☐ Appellant/Petitioner    ☒ Appellee/Respondent

**MOVING ATTORNEY:** Craig B. Sanders        **OPPOSING ATTORNEY:** Please see attached

[name of attorney, with firm, address, phone number and e-mail]

333 Earle Ovington Blvd., Suite 402        Please see attached

Uniondale, NY 11553

516.203.7600 / csanders@sanderslaw.group

**Court- Judge/ Agency appealed from:** Jessica G.L. Clarke, U.S.D.J.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes    ☐ No (explain):_____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?    ☒ Yes ☐ No
Has this relief been previously sought in this court?    ☐ Yes ☒ No

Requested return date and explanation of emergency: December 3, 2024
Please see attached.

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☒ Don't Know

Is the oral argument on motion requested?    ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?    ☐ Yes  ☒ No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ _____    **Date:** Nov. 25, 2024    Service: ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

**Attachment to Motion Information Statement**

**Statement of Relief Sought:**

Movant, Sanders Law Group (the "*Firm*"), proposed outgoing counsel for the plaintiff-appellee Jefferson Siegel ("*Appellee*" or "*Siegel*") makes this Emergency Motion for leave to withdraw as counsel under authority of the New York Rules of Professional Conduct (the "*RPC*"), more specifically, RPC 1.16 – Declining or Terminating Representation. RPC 1.16 sets forth the criteria for mandatory withdrawal (1.16(b)) and permissive withdrawal (RPC 1.16(c)), both of which apply here.

On October 22, 2024, the defendant Sing Tao Newspapers New York LTD ("*Defendant*") filed a motion in the District Court seeking an award of costs, fees and sanctions against both Plaintiff and the Firm, jointly and severally (*District Court Dkt. Nos.* 37-38). Upon receipt and review of the motion, the Firm was caused to question whether the allegations as argued by Defendant presented a potential conflict of interest. As a result of this concern, the Firm consulted independent ethics counsel who opined that the allegations as stated by Defendant presented a conflict of interest that is unwaivable. As is set forth in the accompanying Declaration and letter to the Court, it is well-settled that when a party seeks sanctions against both the opposing party and his counsel, the prayer for an award against both jointly and severally makes continued representation impossible.

At present, there is a CAMP conference scheduled in this matter for December 10, 2024. Because of the conflict of interest, the Firm will be unable to represent Siegel at that time.

**Request for a Stay**

Because the undersigned counsel seeks leave to withdraw on an emergency basis, it is respectfully submitted that the Court should grant a stay of the CAMP conference, or otherwise adjourn same, so that Siegel is not prejudiced by the necessary withdrawal of counsel herein.

**Motion in the Court Below**

A similar motion was filed in the District Court below, and was commenced by Order to Show Cause, which sought a stay of Defendant's motion for an award of

costs, fees and sanctions. *Dkt. Nos.* 39-41. The District Court granted the requested stay and otherwise took the Order to Show Cause under advisement. *Text only entry dated November 13, 2024.* The Firm awaits a decision from the Court below. The Firm also advised Plaintiff of its need to file the Order to Show Cause to withdraw as counsel in the Court below and of the need to seek similar relief in this Court.

**Moving Party:**

Sanders Law Group

**Opposing Party:**

Defendant-Appellant, Sing Tao Newspapers New York LTD

**Opposing Counsel:**

Belinda J. Scrimenti, Esq.
WILKINSON BARKER KNAUER, LLP
1800 M Street, NW, Suite 800N
Washington, DC 20036
Telephone: 202-383-3427
Email: bscrimenti@wbklaw.com

**Explanation of emergency:**

The basis for the emergency is that there is a CAMP conference presently scheduled for December 10, 2024 and the circumstances set forth in this motion make it ethically impossible for the Firm to appear as counsel for Siegel at that conference. Because a motion brought on regular notice would not be heard or determined before the CAMP conference, the Firm is constrained to seeking relief from this Court on an emergency basis.

**Has movant notified opposing counsel:**

Yes. Movant has notified opposing counsel of its intent to seek the instant relief and, as of the time of the filing of the instant motion, opposing counsel has stated that they have not taken a position with respect to the proposed motion to withdraw.

**Contact information for Plaintiff-Appellee**

Jefferson Siegel
60 Gramercy Park North
Apt. 10H
New York, New York 10010

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

NO. 24-2616

JEFFERSON SIEGEL
*Plaintiff-Appellee*
V.
SING TAO NEWSPAPERS NEW YORK LTD,
*Defendant-Appellant*

**DECLARATION IN SUPPORT OF EMERGENCY MOTION OF SANDERS LAW GROUP TO BE RELIEVED AS COUNSEL FOR PLAINTIFF-APPELLEE JEFFERSON SIEGEL**

On Appeal from the United States District Court for the Southern District of New York
No. 1:24-cv-01307-JGLC

Date by which a Court ruling is requested on request for emergency relief:
**December 3, 2024**

Craig B. Sanders, Esq.
Sanders Law Group
333 Earle Ovington Blvd., Ste. 402
Uniondale, NY 11553
516-203-7600 (phone)
csanders@sanderslaw.group

*Proposed Outgoing Counsel for Plaintiff-Appellee Jefferson Siegel*

1

**DECLARATION OF CRAIG B. SANDERS IN SUPPORT OF
EMERGENCY MOTION TO BE RELIEVED AS COUNSEL**

I, CRAIG B. SANDERS, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am an attorney duly admitted to practice law before this Court and am the managing member of Sanders Law Group (the "*Firm*"), proposed outgoing counsel for the plaintiff-appellee Jefferson Siegel (*"Appellee"* or *"Siegel"*) in this action. As such, I have personal knowledge of all facts and circumstances upon which this Declaration is based and would testify as to same in a Court of Law, if requested or required to do so.

2. I submit this declaration in support of the Firm's **Emergency Motion** of Sanders Law Group to be relieved as counsel for Appellee Siegel and for an Order waving any requirement to provide client contact information.

3. Movant Sanders Law Group makes this Emergency Motion under authority of the New York Rules of Professional Conduct (the "*RPC*") - Declining or Terminating Representation. RPC 1.16 sets forth the criteria for mandatory withdrawal (1.16(b)) and permissive withdrawal (1.16(c)), both of which apply here.

4. **The basis for the emergency is that there is a CAMP conference presently scheduled for December 10, 2024, and the circumstances set forth in this motion make it ethically impossible for the Firm to appear as counsel for Siegel at that conference. Because a motion brought on regular notice would not be heard or determined before the CAMP conference, the Firm is constrained to seek relief from this Court on an emergency basis.**

5. The instant motion has been necessitated by the fact that the defendant-appellant, Sing Tao Newspapers New York Ltd. ("*Appellant*") filed a motion for an award of attorneys' fees, costs and sanctions, in the District Court below, jointly and severally, against both Siegel and the

Firm. *Dkt. Nos.* 37-38.

  6. Although the Firm believes that Appellant's motion is based on scandalous allegations against the Firm and is otherwise lacking in merit for a variety of reasons, the Firm had cause for concern that Appellant's motion and the relief prayed for therein, as written, may present a conflict of interest between the Firm and Plaintiff.

  7. Rather than make such determination on our own, the Firm consulted with independent ethics counsel who expressed an opinion that the allegations as made and relief sought by Appellant (without expressing any opinion as to the merits, or lack thereof) could very likely present a conflict of interest and that such conflict would be unwaivable. As such, the Firm was constrained to seek leave to withdraw as counsel for Siegel in the action below and must seek similar relief here.

  8. The above-referenced motion was filed in the District Court below, and was commenced by Order to Show Cause, which sought a stay of Defendant's motion for an award of costs, fees and sanctions. *Dkt. Nos.* 39-41. The District Court granted the requested stay and otherwise took the Order to Show Cause under advisement. *Text only entry dated November 13, 2024.* The Firm awaits a decision from the Court below.

  9. The Firm is not asserting a retaining or charging lien.

  10. For the reasons explained in the attached letter brief, Sanders Law Group respectfully requests that the Court enter an Order reliving it, as well as attorneys Craig. B. Sanders, Esq. and Joshua D. Vera, Esq. as counsel for Appellee Siegel on an emergency basis, prior to the CAMP conference presently scheduled for December 10, 2024.

  11. The contact information for Siegel is set forth in the attachment to the Motion Information Sheet, *supra*.

  12. It is further requested that the Court grant a stay of the currently scheduled CAMP

conference or otherwise adjourn same, to permit Siegel time to retain new counsel prior to such conference, and for such other and further relief as this Court deems just, equitable and proper.

DATED: November 25, 2024

                                             Respectfully submitted,

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Tel: 516-203-7600

*Proposed outgoing counsel for Plaintiff-Appellee*



333 EARLE OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

November 25, 2024

<u>VIA ECF</u>
Honorable Judges of the Court of Appeals
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Siegel v. Sing Tao Newspapers New York LTD.*,
<u>Cause No. 24-2616</u>

**LETTER BRIEF IN SUPPORT OF EMERGENCY MOTION OF
SANDERS LAW GROUP TO BE RELIEVED AS COUNSEL FOR
PLAINTIFF-APPELLE JEFFERSON SIEGEL**

Dear Honorable Judges of the Court of Appeals:

We are counsel of record (and proposed outgoing counsel) for the plaintiff-appellee Jefferson Siegel ("*Appellee*" or "*Siegel*") in the above-referenced appeal.

Movant Sanders Law Group makes this Emergency Motion under authority of the New York Rules of Professional Conduct (the "*RPC*") - Declining or Terminating Representation. RPC 1.16 sets forth the criteria for mandatory withdrawal (1.16(b)) and permissive withdrawal (1.16(c)), both of which apply here.

**The basis for the emergency is that there is a CAMP conference presently scheduled for December 10, 2024, and the circumstances set forth in this motion make it ethically impossible for the Firm to appear as counsel for Siegel at that conference. Because a motion brought on regular notice would not be heard or determined before the CAMP conference, the Firm is constrained to seek relief from this Court on an emergency basis.**



**Grounds for Relief**

RPC 1.16(b) provides in pertinent part:

**(b)** Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when:

**(1)** the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law.

RPC 1.16(c) provides in pertinent part:

**(11**) withdrawal is permitted under Rule 1.13(c) or other law;

**(12)** the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

The Firm believes that it is required or otherwise permitted to withdraw under the applicable Rules of Professional Conduct for the following reasons:

The instant motion has been necessitated by the fact that the defendant-appellant, Sing Tao Newspapers New York Ltd. ("*Appellant*") filed a motion for an award of attorneys' fees, costs and sanctions, in the District Court below, jointly and severally, against both Siegel and the Firm. *Dkt. Nos*. 37-38. Although the Firm believes that Appellant's motion in the Court below is lacking in merit for a variety of reasons, the Firm declines to comment on any specific allegation made in that motion, other than to state generally that the allegations are scandalous, unprofessional and unwarranted.

The Firm declines to repeat the allegations set forth in Appellant's motion below, for the primary reason that the Court need not pass on the veracity of those allegations to determine the instant motion. Instead, the Court need only take notice of the fact that the allegations were made, to understand that the mere assertion of those allegations creates a conflict of interest between the Firm and Siegel. Accordingly, the Firm respectfully refers the Court to the arguments made by Appellant in the memorandum filed in support of its motion (*Dkt. No.* 38) to see that the allegations



made against Siegel, the Firm (and both) are such that there is a conflict of interest between Siegel and the Firm in defending the motion below, and in representing Siegel on the instant appeal. Because of the Firm's concern that the motion presented a conflict of interest, the Firm solicited an opinion from independent ethics counsel prior to seeking leave to withdraw as counsel in the case below. Ethics counsel opined that a conflict of interest is likely to exist based on the way Appellant's motion is written, and that such conflict would be unwaivable.

Insofar as Courts within this Circuit have found that an adversary's request for sanctions against both an attorney (or law firm) and their (its) client jointly and severally creates a conflict of interest because it would deprive them of the ability to assert personal defenses, the instant motion to withdraw should be granted.

**Standard of Review**

When considering whether to grant a motion to be relieved as counsel, the Court "is to analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Id.* (quoting *Bruce Lee*, 2014 WL 1087934, at *1 (quoting *Battino v. Cornelia Fifth Ave., LLC*, No. 09 Civ. 4113 (LGS), 2013 WL 4779635, at *1 (S.D.N.Y. June 26, 2013)) (citations and internal quotation marks omitted). Under this standard, Courts in this Circuit have held that satisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, ***and the existence of irreconcilable conflict*** between attorney and client." *Id.* (emphasis added) (quoting *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (quoting *Naguib v. Pub. Health Solutions*, 12 Civ. 2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) ); *Munoz v. City of New York*, No. 04 Civ. 1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008)). Indeed, "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for


an attorney to withdraw. *Diarama Trading Co. v. J. Waiter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at *2 (S.D.N.Y. Aug. 15, 2005).

The *Bruce Lee* test requires the Court to analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. Here, as to the first point, and as will be stated in the following section, Courts within this Circuit have held that when a litigant files a request for sanctions against a party and his attorney both jointly and severally, there is either an actual or potential conflict of interest, insofar as such request undercuts the ability of each responded to assert separate and personal defenses. As to the second point, permitting the Firm to withdraw should be permitted insofar as it should have no appreciable impact on the timing of this proceeding. To the extent the Court were to potentially think otherwise, it should find that any such affect was caused solely by Defendant-Appellant. More specifically, while Defendant-Appellant filed its Notice of Appeal on September 30, 2024, it did not file its motion for joint and several sanctions until October 23, 2024. The instant conflict did not arise until Defendant-Appellant filed its motion in the Court below on October 23, 2024, and the Firm solicited an opinion from ethics counsel immediately thereafter and promptly moved for leave to withdraw as counsel in the matter below on November 6, 2024, as soon as an opinion was rendered.

It is well-settled that when a party files a motion seeking an award of attorneys' fees, costs and sanctions against both the opposing party and its counsel, jointly and severally, the mere request for such relief presents a conflict of interest sufficient to warrant counsel to withdraw from representation. *See, e.g., Int'l Bus. Couns., Inc. v. Bank of Ikeda, Ltd.*, No. 89 CIV. 8373 (CSH), 1990 WL 29345, at *2 (S.D.N.Y. Mar. 9, 1990) (finding an "obvious conflict of interest" where counsel's personal defenses against sanctions diverged from client's interests). Elsewhere stated, "[t]he Court is persuaded that the interests of [plaintiff] and his attorneys either are currently in



conflict or are on the precipice of conflict" because the prayer for sanctions against both the litigant and his counsel create a situation where they "no longer enjoy the relationship of "loyalty and independent judgment" on which professional representation and the adversarial system depend." *United States ex rel. Kirk v. Schindler Elevator Corp*., No. 05 CIV. 2917 (SHS), 2013 WL 12323921, at *1 (S.D.N.Y. Dec. 12, 2013) (citing N.Y. R. Prof. Conduct 1.7(a)(2)).

In light of the foregoing, it is respectfully submitted that the governing case law and Rules of Professional Conduct require that the Firm withdraw as counsel for Siegel in the case below, which it has done, and in the appeal herein, which it does by the instant application. It is also respectfully submitted that cause exists to grant a stay of these proceedings to allow Siegel to retain new counsel to represent him in this appeal. See, e.g., *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (courts have discretionary authority to stay a case when the interests of justice so require).

**A Stay or Adjournment of the CAMP Conference Should be Granted**

As a final matter, the Firm respectfully submits that this Honorable Court should issue a stay of the CAMP conference or otherwise adjourn same, to allow Plaintiff-Appellee adequate time to retain substitute counsel, as it is highly unlikely that he could obtain new counsel in the short time left, or that such counsel could properly assess the facts and issues in that time.

**Contact Information for Plaintiff-Appellee**

The contact information for Plaintiff-Appellee is provided on the accompanying attachment to the motion information statement.

**Conclusion**

For all of these reasons, Sanders Law Group respectfully requests that the Court enter an Order relieving it, as well as attorneys Craig B. Sanders, Esq., and Joshua D. Vera, Esq. as counsel



for Appellee Siegel on an emergency basis and prior to the December 10, 2024 CAMP conference date, and stay or adjourn the CAMP conference for a reasonable period of time to allow Siegel to obtain new counsel.

        Respectfully submitted,

        */s/ Craig B. Sanders*
        Craig B. Sanders
        *Proposed Outgoing Counsel for Plaintiff-Appellee*

cc: Jefferson Siegel (via email)



## WORD COUNT CERTIFICATION

I hereby certify that this letter brief complies with the word limit requirements in Second Circuit Local Rule 27.1 and Fed. R. App. Proc. 27(d)(2) because this letter brief contains 1482 words.

/s/ *Craig B. Sanders*
Craig B. Sanders

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| JEFFERSON SIEGEL,<br><br>   Plaintiff,<br><br>v.<br><br>SING TAO NEWSPAPERS NEW YORK LTD.,<br><br>Defendant. | Case No: 24-2616<br><br>**AFFIRMATION OF SERVICE** |

  I, CRAIG B. SANDERS, pursuant to 28 U.S.C. § 1746 hereby declare under penalty of perjury as follows:

  I am not a party to the action, am over 18 years of age and reside in Nassau County, New York. On November 22, 2024, I served a true copy of the emergency motion of Sanders Law Group to be relieved as counsel on appeal to the plaintiff, Jefferson Siegel, to his personal email address, the service of which was acknowledged by responsive email.

DATED: November 25, 2024

              */s/ Craig B. Sanders*
              Craig B. Sanders, Esq.